Norton *v.* Burnett.

Opinion delivered June 30, 1930.

*Sheffield & Coates* and *Lee & Moore,* for appellant.
*A. M. Bradford* and *W. G. Dinning,* for appellee.

Mehaffy, J. The appellee, Evelyn Burnett, began this suit in the Phillips Circuit Court against appellant, E. F. Norton, for damages claimed to have been caused by the issuance and service of a search warrant. The appellee was engaged in going from house to house and taking orders for women's ready-to-wear apparel. On September 18, 1929, she went to the house of appellant to deliver some goods which had been purchased from her. After appellee had been at appellant's house, it was

reported to appellant that certain jewelry was missing. He inquired who had been in and around the house, and was advised that no one except appellee had been in the house. He ascertained all the facts he could, made an examination, and then called upon Mr. R. L. George, the constable of the township in which the town of Marvel, appellant's home, is located. George had been constable a number of years. Appellant informed George of the facts, and George suggested that they procure a search warrant. The next morning they called upon Walter Moore, a justice of the peace at Poplar Grove, near Marvel, and George informed Mr. Moore of their business and asked for a search warrant. Moore stated that he would not issue a search warrant, and informed the appellant that he knew appellee had not taken the jewelry. Appellee was at that time stopping at the home of Moore. George then called up the sheriff's office at Helena, and deputy sheriff Hicks came to Marvel with a blank affidavit and a blank search warrant, purporting to have been issued by the municipal judge at Helena. The appellant signed the affidavit and put in the name of appellee; the search warrant was filled out by the deputy sheriff, and the parties, appellant, George and Hicks, went to Moore's home, but the appellee was not in the house at the time. The deputy searched her traveling bag and some baggage. Appellee then came in, and Mrs. Moore told her that Hicks had a search warrant. Hicks then examined appellee's pocket book and car and asked Mrs. Moore to search her person, which she did. There were present Mr. and Mrs. Moore, the appellee and her sister, George and Hicks. The next day appellee went to Helena to consult with an attorney, and within a few days thereafter brought suit against appellant. There was a trial by jury, a verdict and judgment for $500 and, to reverse said judgment, this appeal is prosecuted.

The appellant urges that the case should be reversed because the court refused to direct a verdict in his favor. He urges that the evidence is insufficient to support the

verdict. It is said that the only act on the part of Dr. Norton, the appellant, was that he signed a blank affidavit which did not include even the name of appellee, was not sworn to, and that he signed it at the request of the deputy sheriff. He did this, however, after he had been told by Mr. Moore, a justice of the peace, that he knew the appellee and knew she was not guilty, and gave the appellant the names of a number of witnesses who knew the appellee, and after Moore himself had refused to issue the search warrant, but it is said by appellant that there is no evidence which would indicate malice on the part of appellant, and he quotes from and relies on the case of *L. B. Price Mercantile Co.* v. *Cuilla,* 100 Ark. 316, as follows: "To maintain an action for malicious prosecution, it must appear that there was not probable cause for the prosecution, and also that the parties were actuated by malice in instituting the prosecution. There must be both want of probable cause and malice. If the law imputed malice from want of probable cause, then there would be no distinct requirement of malice, but want of probable cause would be the sole element necessary." But immediately following the paragraph quoted by appellant is the following: "It is often said the jury may infer malice from want of probable cause. They may do so under certain circumstances, but not in all cases. Malice is in no case a legal presumption from the want of probable cause, it being for the jury to find from the facts proved, where there was no probable cause, whether there was malice or not."

The court gave to the jury at appellant's request, the following instructions:

"No. 2. You are instructed that the question of the guilt or innocence of the plaintiff, Evelyn Burnett, of having stolen the jewelry mentioned in the complaint is not involved in this case. Although you may believe she is absolutely innocent, still, if the defendant had no malice against her in instigating the prosecution, your verdict will be for the defendant.

"No. 4. You are instructed that the burden of proof is upon the plaintiff to show that the defendant induced the prosecution in this case without probable cause and with malice toward the plaintiff; and if you find that there was probable cause, or that there was no malice your verdict will be for the defendant.

"No. 9. The jury are instructed that mere dislike or ill will toward any one by another does not constitute malice in the legal sense. There must be some act done by the defendant with intent to injure the plaintiff, and such act must be wrongful, and the defendant must have·been actuated at the time by an improper and sinister motive, and the act complained of must have been committed by the defendant without probable cause, legal justification or excuse.

"No. 11. You are instructed that malice is in no case a legal presumption from the want of probable cause, it being for the jury to find from the facts proved where there was no probable cause whether there was malice or not; and before the plaintiff can recover in this case she must establish by a preponderance of the evidence the want of probable cause, and that the defendant was actuated by malice in the institution of the search warrant. If she fails to do either of these, then your verdict must be for the defendant."

It therefore appears that the jury were properly instructed at appellant's request as to malice. The facts are that, besides appellant's wife, there were two other women at his house at the time appellee was charged with taking the jewelry. Besides these persons, there was a negro there, although appellant's witnesses say he did not come into the house, but the undisputed proof shows that all these persons were present, that appellee was in the room alone but for a few moments, and that appellant was told by justice of the peace Moore, who refused to issue the warrant, that appellee would not steal anything from him or anybody else, and after he was in possession of all these facts he consented to the

deputy sheriff telephoning to Helena for a blank affidavit and blank search warrant, then signed the affidavit, obtained appellee's name, and inserted it in the affidavit and warrant.

In the next case referred to, that of *Dare* v. *Harper,* 101 Ark. 137, the court said the instructions were in direct conflict, and the correct instructions did not remedy the error and render it harmless.

In the next case referred to, *Kable* v. *Carey,* 135 Ark. 137, the court reversed the case because of an instruction which contained the following: "Malice, as used here, means any unlawful or improper motive, so that if you find from the evidence that the defendants prosecuted the plaintiff not in good faith and for the purpose of vindicating the law and punishing the crime, but on account of some improper or unlawful motive, then you are instructed that the plaintiff has made out a cause of action in this respect. Malice as here used may be inferred from the want of probable cause—that is to say, if the defendants prosecuted the plaintiff without any reasonable or probable cause therefor, you would be justified in concluding that they did it maliciously." The case was reversed because of the giving of the above instruction, but in the instant case they were repeatedly told that the appellee must prove malice.

The appellant urges that instruction No. 1 given at request of appellee was misleading and improperly worded and urges the same objection to instruction No. 2 given at request of appellee. These instructions correctly stated the law, but if appellant had thought they were improperly worded he should have made specific objection; unless an instruction is inherently wrong, a general objection is insufficient.

He next complains at the court's refusal to give instruction No. 6 requested by him. This instruction deals with probable cause, and the jury were fully and correctly instructed as to want of probable cause.

In the case of *Hardin* v. *Hight,* 106 Ark. 190, the court said, in a case very similar to this: "The question was very fairly submitted to the jury upon proper instructions and their decision is conclusive upon the point that there was lack of probable cause for the institution of the proceeding. A search warrant is one of the agencies provided by law for the detection and punishment of crime and for the recovery of stolen property. Our Constitution guarantees the right to the people of the State to be secure in their persons, houses, papers and effects against unreasonable search.  *  *  * Certainly, the putting in motion of such an agency maliciously and without probable cause is as much calculated to injure the feelings and reputation of the person against whom it is directed as if the further direction for his arrest in case the property sought should be found in his possession were contained therein."

In *Williams* v. *Orblitt,* 131 Ark. 408, this court said: "Upon the subject of malice, it may be said that, while there was no affirmative showing of malice, its existence may be inferred if there was a lack of probable cause. These questions should have been submitted to the jury, and for the error of the court in not so doing the judgment is reversed, and the cause remanded for a new trial."

The question of lack of probable cause and the question of malice were both submitted to the jury under proper instructions and the jury found against appellant. The question here is whether there was any substantial evidence to sustain the verdict. We do not pass on the credibility of the witnesses nor the weight to be given to their testimony. There was ample evidence to submit these questions to the jury, and the jury's finding is conclusive here.

The judgment is affirmed.